IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STATE FARM FIRE & CASUALTY CO. AS SUBROGEE OF ROBERT KIMBLE,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 1:09-CV-331-BBM |

## MOTION TO DISMISS AND
## MEMORANDUM IN SUPPORT THEREOF

COMES NOW Defendant, General Electric Co. ("GE"), and pursuant to Fed.R.Civ.P. 12 (b)(6), hereby asks this Court to dismiss Plaintiff's complaint for failure to state a claim on which relief may be granted, on the basis that the Complaint shows on its face that it is barred by the applicable statute of limitations.[1]  In support of its Motion, GE shows the Court as follows:

### BACKGROUND

The Complaint in this case was filed in the Superior Court of Fulton County on December 29, 2008, and timely removed to this Court.  The Complaint alleges,

---

[1] Where a complaint shows on its face that it is barred by the statute of limitations, the issue may be raised via a motion to dismiss for failure to state a claim. *White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973).

1

in pertinent part, that on December 24, 2004, a defect in a clothes dryer manufactured by GE caused a fire at the home of Robert Kimble. [Complaint, ¶ ¶ 3, 6.] Mr. Kimble's home was insured by a policy of insurance issued by Plaintiff, State Farm Fire & Casualty Co. ("State Farm"), and State Farm paid Mr. Kimble $95,079.93 under his insurance policies. [Complaint, ¶¶ 9 & 10.] State Farm alleges it is subrogated to the rights of Mr. Kimble to bring this Complaint, and seeks to recover as damages the amounts it paid Mr. Kimble. State Farm also seeks to recover attorneys' fees pursuant to O.C.G.A. § 13-6-11. GE denies these allegations.

## DISCUSSION

### I. State Farm, as subrogee, is subject to the same limitation period as Mr. Kimble.

State Farm is the plaintiff in the instant lawsuit by virtue of its status as subrogee of the owner of the damaged property, Mr. Kimble. Under Georgia law, "a subrogee takes the place of its insured by reason of contract to whose rights he stands subrogated[,] subject also to the same limitations." *U.S. Fid. & Guar. Co. v. Ryder Truck Lines, Inc.*, 160 Ga. App. 650, 655 (1981); *see also Bickerstaff v. Elliss*, 204 Ga. 734 (1949); *Liberty Mut. Ins. Co. v. Alsco Constr., Inc.*, 144 Ga. App. 307 (1977). Moreover, "[State Farm]'s claim is subject to any defenses that could have been asserted against its subrogor." *Stamschror v. Allstate Ins. Co.*, 267 Ga. App. 692, 693 (2004). Accordingly, State Farm is subject to the same

statute of limitation that would face Mr. Kimble if he were filing suit himself to recover money for damage to his property.

## II.     State Farm's complaint must have been filed within four years from the date of the fire.

Under Georgia law, the statute of limitations for damage to property is four (4) years from the date on which the cause of action accrues. O.C.G.A. § 9-3-30 (damage to realty); O.C.G.A. § 9-3-31 (damage to personalty). The cause of action accrues when the damage occurs, here, the date of the fire. *Stamschror*, 267 Ga. App. at 693. The date on which the cause of the injury is discovered is irrelevant. *Corp. Of Mercer Univ. v. Nat. Gypsum Co.*, 258 Ga. 365, 366 (1988) (overruling prior decision and holding "the discovery rule. . . is confined to cases of bodily injury which develop only over an extended period of time"); *Andel v. Getz Serv.*, 197 Ga. App. 653, 655 (1990) ("the discovery rule does not apply to property damage claims. . . . Plaintiff's argument that the cause of action could not possibly have accrued until the causal connection between defendant's acts and plaintiffs' injury was discovered is thus precluded."); *accord, Mitchell v. Contractors Specialty Supply, Inc.*, 247 Ga. App. 628 (2001); *Armstrong v. Royal Associates, L.P.*, 232 Ga. App. 643 (1998) . Accordingly, any cause of action to recover damages as a result of the fire at Mr. Kimble's property had to be filed within four years of the date of the fire.

In the case at bar, the fire which caused the loss at issue allegedly occurred on December 24, 2004. Complaint, ¶ ¶ 3 – 5. Therefore, any complaint to recover property damages allegedly suffered as a result of the fire must have been filed within four years from December 24, 2004. The instant lawsuit, however, was not filed until December 29, 2008. Accordingly, the Complaint is barred by the statute of limitations, and must be dismissed.[2]

## CONCLUSION

Georgia law does not apply the discovery rule to causes of action for damage to property; such discovery rule is limited to actions for bodily injury. As the Complaint in this case asserts only causes of action to recover damages to property, it must have been filed within four (4) years from the date on which the injury occurred.

The fire which caused the damage giving rise to this lawsuit occurred on December 24, 2004. Therefore, the cause of action for recovery of such damages accrued on December 24, 2004. Since the instant suit was filed on December 29, 2008, it is barred by the statute of limitations. Accordingly, the Complaint must be dismissed.

---

[2] As the claim for attorneys' fees pursuant to O.C.G.A. § 13-6-11 cannot stand on its own, said claim must also be dismissed. *Brown v Baker*, 197 Ga. App. 466 (1990); *Lamb v. Salvage Disposal Co.*, 244 Ga. App. 193 (2000).

Respectfully submitted, this 9th day of April, 2009.

/s/ J. D. Dalbey
Anthony L. Cochran
Georgia Bar No. 172425
J.D. Dalbey
Georgia Bar No. 003150
Todd P. Swanson
Georgia Bar No. 496989

Counsel for Defendant,
General Electric Company

CHILIVIS, COCHRAN, LARKINS & BEVER LLP
3127 Maple Drive, N.E.
Atlanta, GA 30305
Telephone No.: (404) 233-4171
Facsimile No.: (404) 261-2842

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STATE FARM FIRE & CASUALTY CO. AS SUBROGEE OF ROBERT KIMBLE,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 1:09-CV-331-BBM |

## CERTIFICATE OF SERVICE AND FONT

The undersigned certifies that the foregoing pleading has been prepared in Times New Roman 14 point font as provided in LR 5.1(B).

The undersigned hereby certifies that the within and foregoing MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF was electronically filed with the Clerk of Court using the CM/ECF system and was served via electronic mail upon all counsel of record.

This 9th day of April, 2009.

/s/ J. D. Dalbey
Anthony L. Cochran
Georgia Bar No. 172425
J.D. Dalbey
Georgia Bar No. 003150
Todd P. Swanson
Georgia Bar No. 496989

6

                                                  Counsel for Defendant,
General Electric Company

CHILIVIS, COCHRAN, LARKINS & BEVER LLP
3127 Maple Drive, N.E.
Atlanta, GA 30305
Telephone No.: (404) 233-4171
Facsimile No.: (404) 261-2842